**Electronically Filed
Supreme Court
SCAD-14-0000899
12-OCT-2015
12:19 PM**

SCAD-14-0000899

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

GERARD A. JERVIS,
Respondent.

---

ORIGINAL PROCEEDING
(ODC CASE NOS. 10-060-8894, 10-034-8868)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, Pollack, and Wilson, JJ.
and Intermediate Court of Appeals Associate Judge Leonard,
in place of McKenna, J., recused)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawaiʻi, submitted to this court on June 23, 2014, for the imposition of a six-month suspension upon Respondent Gerard A. Jervis, and upon a *de novo* review of the record, this court finds and concludes the following by clear and convincing evidence.

A review of the record supports the Hearing Officer's Findings of Fact and Conclusions of Law, as amended by the Disciplinary Board, except for Conclusions 9 and 12, which we decline to adopt, for the reasons set forth below.

With particularity, in Office of Disciplinary Counsel

(ODC) Case No. 10-060-8894, the record supports Finding of Fact 6, that the retainer agreement between the client and Respondent Jervis did not contain the handwritten additions at the time it was signed by the client but was completed at a later time, and not by the client, insofar as the agreement bears the date of February 28, 2008, while the record contains a disclosure authorization form from the client dated February 1, 2008 and correspondence from Respondent Jervis's office concerning the workers' compensation claim began by at least February 12, 2008; the agreement bears a handwritten constructive discharge date of September 30, 2007, in handwriting which Respondent Jervis admitted was his, while the actual constructive discharge date of September 28, 2007 was known by the client and recorded previously in the client's claim, filed by the client, with the Hawaiʻi Civil Rights Commission.  Based upon that Finding and a review of the record, including the extensive correspondence amongst the client, Respondent Jervis's office, the Hawaiʻi Employers' Mutual Insurance Company, Inc. and the Department of Labor & Industrial Relations, often either clearly addressed to Respondent Jervis or otherwise designating Respondent Jervis as the client's attorney, to which Respondent Jervis offered no objection, and, in particular, the June 3 and 4, 2009 email exchange between the client and Respondent Jervis, we conclude the client reasonably concluded Respondent Jervis was representing him in his workers' compensation claim.  See Otaka, Inc. v. Klein, 71 Haw. 376, 383, 791 P.2d 713, 717 (1990); Geoffrey C. Hazard, W. William Hodes, and Peter R. Jarvis, The

2

<u>Law of Lawyering</u> § 2.05 at 2-7 through 2-8 (4th ed. 2015); <u>Restatement (Third) of the Law Governing Lawyers</u> § 14 (1998). Insofar as the record supports the conclusion an attorney-client relationship existed between the client and Respondent Jervis in the workers' compensation claim, it also supports the conclusion Respondent Jervis violated Rules 1.3, 1.4(a) and 1.4(b) of the Hawaiʻi Rules of Professional Conduct (HRPC) (1994)[1] in that representation, by failing to transmit the settlement offer to his client or otherwise act upon it, and by failing to attend the September 24, 2009 hearing on the claim.

Also in ODC Case No. 10-060-8894, the record supports the conclusion Respondent Jervis was derelict in his representation of his client in the Civil Rights discrimination claim, and failed to communicate with the client regarding the matter, including regarding important information needed to make strategic decisions concerning the claim, including efforts by the Hawaiʻi Civil Rights Commission to interview his client. His conduct in that representation violated HRPC Rules 1.3, 1.4(a), and 1.4(b).

In ODC Case No. 10-034-8868, we conclude both the loan and the amendment to the fee agreement, which modified the loan, are subject to HRPC Rule 1.8(a). See <u>In re Curry</u>, 16 So.3d 1139, 1153-54 (La. 2009); <u>In re Hefron</u>, 771 N.E.2d 1157, 1158 (Ind. 2002); <u>Naiman v. New York Univ. Hosps. Ctr.</u>, 351 F.Supp.2d 257,

---

[1] Unless otherwise indicated, all HRPC Rules cited herein are to HRPC (1994), the Rules in effect at the time of the conduct underpinning the alleged violations.

264 (S.D.N.Y. 2005); The Law of Lawyering, § 9.14 at 9-50 through 9-53 (2015). However, we also conclude, upon review of In re Trewin, 684 N.W.2d 121 (Wis. 2004), Wisconsin's SCR 20:1.7(b) and 1.8(a) cited in that case, HRPC Rules 1.7(b) and 1.8(a), as well as HRPC Rules 1.7(b) and 1.8(a) (2014), that, at the time of the events here, neither HRPC Rule 1.7(b) nor 1.8(a) required the attorney to obtain a written conflict waiver from a client in these circumstances.[2]

However, with regard to the $100,000.00 loan from the Trust to Respondent Jervis, we also conclude Respondent Jervis did not provide the trustee-client with a clear written explanation of the differing interests involved in the transaction, in violation of HRPC Rule 1.8(a), and that the terms of the loan were not fair and reasonable to the Trust, again in violation of HRPC Rule 1.8(a), in light of both the insufficient security for the loan and its vague and unclear terms of repayment of the indebtedness. See In the Matter of Hultman, 3 Cal. State Bar C. Rptr. 297 (Cal. Bar Ct. 1995); Hunniecutt v.

---

[2] In 2014, the Hawaiʻi Rules of Professional Conduct were amended to require a written waiver in these circumstances:

Rule 1.8. Conflict of Interest: Prohibited transactions.

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:
. . .
(3) the client consents in writing to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

State Bar of California, 748 P.2d 1161, 1167 (Cal. 1988); In re Discipline of Singer, 865 P.2d 315, 316-17 (Nev. 1993); GMAC v. Everett Chevrolet, Inc. 317 P.3d 1074, 1078-79 (Wash. Ct. App. 2014); In re Disciplinary Proceedings Against Miller, 66 P.3d 1069, 1076 (Wash. 2003); In re McGlothen, 663 P.2d 1330, 1336, 1337 (Wash. 1983); Restatement (Third) of the Law Governing Lawyers § 126, at 323 (2000).

With regard to the amendment of the fee agreement, we conclude Respondent Jervis failed to provide the Trust with a clear explanation of the differing interests involved in amending the contingency fee agreement and extinguishing the $100,000.00 loan obligation he alone owed the Trust. Respondent Jervis's conduct again violated HRPC Rule 1.8(a).

The record supports the aggravating factors found by the Hearing Officer and the Board: substantial experience in the practice of law, one prior discipline, offering false statements in a disciplinary investigation (concerning his purported lack of previous workers' compensation work), and a refusal to acknowledge the wrongful nature of his conduct in ODC Case No. 10-034-8868.

In mitigation, we note Respondent Jervis's *pro bono* work, particularly on behalf of the Native Hawaiian community.

In light of previous-settled litigation between Respondent Jervis and the successor trustees of the Trust, in which the successor trustees settled claims in part related to Respondent Jervis's representation of this Trust, we decline to

5

order reimbursement.

Nevertheless, in light of Respondent Jervis's conduct regarding the Trust and the injury inflicted on the Trust, a substantial period of suspension is appropriate.  See ODC v. Bertelmann, SCAD-12-950 (February 15, 2013); ODC v. Ching, No. 25697 (May 2, 2003); ODC v, Chatburn, No. 24777 (May 30, 2002); ODC v. Arnobit, Jr., No. 16932 (July 19, 1993).  Therefore,

IT IS HEREBY ORDERED that Respondent Jervis is suspended from the practice of law in this jurisdiction for six months, effective thirty days after the entry date of this order, as provided by Rules 2.3(a)(2) and Rule 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Jervis shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs, as prescribed by RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that Respondent Jervis shall, within 10 days after the effective date of his suspension, file with this court an affidavit that he is in full compliance with RSCH Rule 2.16(d).

DATED:  Honolulu, Hawaiʻi, October 12, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Richard W. Pollack

/s/ Michael D. Wilson

/s/ Katherine G. Leonard



6